IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BILL REESE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 4:12cv465 |
| | § | |
| LAWRENCE ROACH d/b/a LAW | § | |
| OFFICE OF LARRY ROACH, LAW | § | |
| OFFICE OF LARRY ROACH | § | |
| and DOES 1-10 | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendants Lawrence Roach d/b/a Law Office of Larry Roach and Law Office of Larry Roach's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 4). As set forth below, the Court finds that the motion should be DENIED.

This is a Fair Debt Collection Practices Act case. Plaintiff is a Texas resident, and Defendants are Ohio residents. According to Defendants, Defendants sent one letter to Plaintiff demanding payment of a debt and placed two telephone calls to Plaintiff in connection with their debt collection effort. In their motion, Defendants argue that "Defendants' debt-collection effort giving rise to the litigation consisted of sending one demand letter to the Plaintiff and placing two brief phone calls [to Texas]." Dkt. 4 at 4.

1

STANDARD

In determining whether it may exercise personal jurisdiction over a nonresident defendant, a court must consider "both the forum state's long-arm statute and federal due process." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993)). If a state's long-arm statute "extends to the limits of federal due process," as Texas's does, the court must only perform a due process analysis. *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Due process allows a federal court to exercise personal jurisdiction over a nonresident defendant only if (1) the nonresident defendant has established minimum contacts by "purposely avail[ing] himself of the benefits and protections of the forum state" and (2) "the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Wilson*, 20 F.3d at 647).

Minimum contacts may be established through either specific or general jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). General jurisdiction exists if the defendant has had substantial, continuous, and systematic contacts with the forum state, regardless of whether those contacts are related to the cause of action. *Johnston*, 523 F.3d at 609 (citing *Helicopters Nacionales de Colombia v. Hall,* 466 U.S. 408, 414-19, 104 S. Ct. 1868, 80 L. Ed.2d 404 (1984)). Specific jurisdiction exists when a nonresident defendant has purposefully directed his activities at the plaintiff and the plaintiff's alleged injuries derive from those activities. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) ("Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation

results from alleged injuries that arise out of or relate to those activities.") (internal citations omitted); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

The plaintiff bears the burden of proving that the defendant has had minimum contacts with the forum state; however, the plaintiff need only make a *prima facie* showing of such contact. *Johnston*, 523 F.3d at 609 (citing *Wilson,* 20 F.3d at 648). The court must resolve any disputed facts in favor of the plaintiff and a finding of jurisdiction. *Id.* (citing *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir. 1990)). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir. 1990) (internal citations omitted). "In considering a motion to dismiss for lack of personal jurisdiction a district court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (internal citations omitted).

If the plaintiff successfully makes a *prima facie* showing of minimum contacts, the burden shifts to the defendant to show "that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction." *Johnston*, 523 F.3d at 615 (citing *Wien Air Alaska, Inc. v. Brandt,* 195 F.3d 208, 215 (5th Cir. 1999) (citations omitted)); *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006) (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 382 (5th Cir. 2002)).

Under the fairness inquiry, the court examines: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv N'Care*, 438 F.3d at 473 (citing *Felch v. Transportes Lar-Mex SA De CV,* 92 F.3d 320, 324 (5th Cir. 1996)).

## ANALYSIS

Plaintiff's claim arises out of a voicemail message left by Defendant on or around February 2012. Because this voicemail message was "purposely directed . . . at the forum state, and the litigation results from alleged injuries that arise out of" this activity, the Court finds that this contact is enough to give the Court specific jurisdiction over Defendant. *See Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 884 (5th Cir. 1993) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)); *ITL Intern., Inc. v. Constenla, S.A.*, 669 F.3d 493, 499 (5th Cir. 2012) ("specific jurisdiction may exist where there are only isolated or sporadic contacts, so long as the plaintiff's claim relates to or arises out of those contacts").

The cases relied on by Defendants are factually distinguishable or do not comport with Fifth Circuit law, and therefore do not persuade the Court to dismiss Plaintiff's claim for lack of personal jurisdiction. The Court in *Krambeer* used the Eighth Circuit's five-factor test to determine personal jurisdiction, and found one contact insufficient to meet the minimum contacts requirement despite the fact that the litigation arose from that contact. *Krambeer v. Eisenberg*, 923 F. Supp. 1170, 1174

4

(D. Minn. 1996). The Fifth Circuit has not established such a test for personal jurisdiction. Further, the *NTE* case is distinguishable because in that case, the defendant, an Antigua, West Indies company, did not conduct activities in Texas that caused the alleged injury from which the litigation arose. *See NTE Aviation, Ltd. v. LIAT (1974) Ltd.*, 561 F. Supp. 2d 687, 691 (E.D. Tex. 2007).

Defendants cite to *Pesarik v. Rosenthal*, in support of their argument that its contacts with Plaintiff are insufficient confer personal jurisdiction. *Pesarik v. Rosenthal*, 4:08CV97, 2009 WL 1312792 (E.D. Tex. May 8, 2009) (finding three phone calls insufficient to meet minimum contact requirement). The case of *Pesarik v. Rosenthal* is inapplicable. In that case, the *pro se* plaintiff's pleadings contained no facts as to jurisdiction and, after giving the plaintiff additional time to supplement his pleadings, the Court found that allegations made during a hearing about three phone calls with another individual (not the plaintiff) would not be enough to establish a *prima facie* showing of minimum contacts. Indeed, the Court's order in that case was not an order on a motion to dismiss for lack of jurisdiction but an order evaluating whether the plaintiff's complaint had sufficiently set forth facts establishing that he was entitled to relief such that default judgment should be entered against a non-Texas resident who had not appeared and therefore had in no way conceded to the jurisdictional allegations against her. Without greater proof as to the plaintiff's jurisdictional allegations – which, based on the defendant's failure to answer – were presumed contested, this Court declined to grant default judgment in the plaintiff's favor.

In this case, on the other hand, Plaintiff's claims focus solely on Defendants' debt-collection efforts directed at Texas, and Defendants concede that two calls were placed to and one letter was

sent to Texas. *See* Dkt. 4 at 4; Dkt. 4-2 at ¶10-11. By sending letters and/or placing phone calls in an effort to collect a debt allegedly owed by a Texas resident, debt collectors must reasonably foresee the possibility that they will be haled into court in Texas for claims relating to those debt collection efforts. *Wichita Falls Builders Wholesale, Inc. v. Jancor Companies, Inc.*, 2003 WL 292141, 5 (N.D. Tex. 2003); *Featherston v. HSBC Card Servs., Inc.*, 2010 WL 3120053, 3 (S.D. Tex. 2010). The allegations – and concessions – here are sufficient for Plaintiff's *prima facie* case of specific jurisdiction.

With Plaintiff's burden satisfied, the Court turns to Defendants to see whether traditional notions of fair play and substantial justice would be violated by exercising jurisdiction in this Court. Defendants have not adequately addressed this factor in their briefing. And, having reviewed the allegations here, the Court finds that jurisdiction over Defendants who contacted an individual for purposes of collecting money from that individual in Texas does not offend traditional notions of fair play and substantial justice.

Defendants Lawrence Roach d/b/a Law Office of Larry Roach and Law Office of Larry Roach's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 4) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 19th day of December, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE